## LEWIS MAYO'S HEIRS *v.* DANIEL HAGER.

**Trust—Subsequent Purchaser—Notice of Prior Sale—Resulting Trust— Statute of Frauds—Parol Evidence.**

A subsequent purchaser of land with notice of a prior sale is a trustee and holds subject to the prior equity. The statute of frauds does not apply to resulting trusts and the trusts will be enforced though evidenced by parol alone.

APPEAL FROM JOHNSON CIRCUIT COURT.

October 26, 1871.

OPINION BY JUDGE HARDIN:

At the death of James Hayden he left surviving him several children, the most of whom were infants. He owned a tract of land in Johnson county, that decended to these children, and a man by the name of Thomas V. Calhoun seems to have acquired an interest in the land, whether through his wife, or by purchase, does not appear.

The appellee, David Hager, brought this suit in equity against Calhoun in which he alleges, "that he purchased of him in the year 1848, this tract of land known as the Evans farm; that Calhoun sold him not only his own interest, but the interest of all the infant heirs of James Hayden, deceased, for whom he was guardian at the time; that he took possession at once of said land under his purchase and has held it ever since, and made valuable improvements thereon. He alleges that the heirs have all made title to the land except Virginia Haunt, who was

a daughter of James Hayden; that he has paid to the defendant, Calhoun, the purchase money for the interest of Virginia Haunt in this land and that Calhoun has obtained a deed executed by Virginia Haunt, to him, Calhoun, for her interest, and although he has acquired the legal title, now refuses to make the same to him."

Hager afterwards filed an amended petition in which he alleges, "that he had purchased and paid to Calhoun for all the shares in the land except that of Hugh Hayden, who is an infant and that said Calhoun has conveyed or caused to be conveyed to him, Hager, all the shares so bought and paid for, except the interest of share of Virginia Haunt and her husband; that Calhoun agreed and promised to have said share conveyed to the plaintiff, Hager, but that he had obtained the deed from Mrs. Haunt to himself, and had sold and conveyed the interest of Mrs. Haunt in the land to Louis Mayo. That Mayo knew at the time of his purchase, that he, Hager, had bought the land of Calhoun and was in possession, and had full knowledge of his equity." He asked that the title be surrendered to him. Mayo answers and admits the purchase, alleging that Calhoun told him he had made no sale of it to Hager, but also admits that Hager informed him that he had bought this land of Calhoun before Calhoun sold it to him, Mayo. The defendant, Mayo, also relied on the statute of frauds and alleges that the contract was in parol and not binding on Calhoun. Calhoun answers, denying that he ever made any sale of the land to the appellee, Hager, and in the conclusion of his answer states, "that he relies on and pleads all statutes of limitation as against frauds and perjuries and all other legal defenses." Mayo and Calhoun died during the pendency of the suit, and the same was revived against their heirs. The evidence in the case shows that the appellee, Hager, paid to Calhoun all of the purchase money for this land, and that the contract between Calhoun and the appellee was in parol. At the time this contract was made between these parties the appellee purchased of Calhoun his interest in the land also, and took possession of the whole tract.

It may be presumed that Calhoun had some interest in this land at the time of the contract, but the manner in which he ac-

quires it or the extent of the interest is not disclosed. As to his interest, however, there is no controversy.

At the time of this alleged sale he had no right whatsoever to dispose of the interest of the infant children of James Hawden. The title was certainly not in him, and the substance and effect of the contract was, that Calhoun, who was acting as the guardian of the children, should procure for the appellee the title to this land whenever it would be obtained. Hager had bought the interest of Calhoun, was then in actual possession of the whole tract, and by making this contract with Calhoun, and advancing him the money for the land, to which Calhoun had no more title than Hager. Calhoun, in effect, agreed to obtain the title for him, and did in fact procure the heirs to make to appellee, deeds for their respective interest. The amended petition alleges that Calhoun agreed and promised to have these shares conveyed to the appellee, Hager. All the allegations in appellee's original and amended petitions on the subject of the contract and the procurement of the title, are specifically made, and no response whatever is made by Calhoun in his answer, except the general statement that it is untrue that the plaintiff never purchased the interest in the land which the defendant sold to Mayo. This is no response whatever to the petition. The petition alleges specifically the terms of the contract, and the payments, and that the purchaser was the interest of Mrs. Haunt, and that Calhoun was to procure the title, none of which allegations are denied by the answer. The conveyance of Haunt and wife was made to Calhoun before the revised statutes took effect and although Hager had advanced to Calhoun the money for the land long before Calhoun obtained the deed, still it was to enable Calhoun to make the purchase and procure the title for Hager, and when made the purchase resulted to the use and benefit of Hager under the agreement, as alleged in the amended petition by which he was to procure for the appellee the title to this land.

These allegations are undenied by either Mayo or Calhoun and the proof shows that Mayo made the purchase from Calhoun during the pendency of this suit, and as Mayo himself admits, with notice directly from Hager of his previous purchase and possession. In the case of *Fraley v. Langford,* 1 Mar. 362. This court decided that, a subsequent purchaser of land with notice

of a prior sale is a trustee and holds subject to the prior equity. Also in *Cox- v. Osbore*, 1 Mar. 229. In *Dumaresly v. Fishly*, 3 A. K. M. 368, it is adjudged that the statute of frauds does not apply to resulting trusts and that these trusts will be enforced though evidenced by parol alone. It results therefore, that as the money was paid to Calhoun by Hager to enable him to procure the title to this land for him, and that Calhoun did procure the title and that Mayo having notice of Hager's equity before his purchase, the purchase of Calhoun was for Hager and he is entitled to the deed.

There is nothing in the record showing that at the date of the bond executed by W. L. Hayden, in 1847, he was under age, but on the contrary the presumption is that he had arrived at age. In 1845 he had paid to W. L. Hayden a part of the purchase money for this land, and held the obligation of Hayden of that date, to make him a deed when he arrived at age. This bond is signed by his grandson, but on the 31st of May, 1847, two years after, he obtained the bond of Wm. Hayden under his own signature for a conveyance for this land. The petition and amended petition allege that he bought all these interests and paid for them and of which there is no denial.

We perceive no error in the judgment rendered by the court below and the same is now *affirmed*.

Judge Peters not sitting.

*Apperson & Reid, for appellant.*

*Rodman, for appellee.*